## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

GERMAN SANTINI,                          :
                                         :
                    Petitioner,          :          CIVIL ACTION
                                         :
        v.                               :
                                         :          NO. 13-6183
MIKE WENEROWICZ, et al.,                 :
                                         :
                    Respondents.         :

## ORDER

**AND NOW**, this __ day of December, 2014, upon careful and independent consideration of the petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 (Doc. No. 1), and after review of the Report and Recommendation ("R&R") of United States Magistrate Judge Lynne A. Sitarski (Doc. No. 22), and consideration of petitioner's objections thereto (Doc. No. 24), **IT IS HEREBY ORDERED** that:

1. Petitioner's objections are **OVERRULED**.[1]

2. The Report and Recommendation of Magistrate Judge Lynne A. Sitarski is **APPROVED** and **ADOPTED**.

3. The petition for a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 is **DISMISSED** and **DENIED**.

---

[1] As best as the court can understand the objections, petitioner essentially raises two objections to the R&R, neither of which has merit. First, petitioner argues that his "Sixth and Fourteenth Amendment constitutional rights are not 'procedurally barred,'" Pet'r's Objections 1. However, the R&R concludes that only one of petitioner's ten claims (Claim G) is barred on the ground of procedural default. As the R&R correctly notes, Claim G—asserting ineffective assistance of counsel for not objecting to the use of a bench trial on one charge of possession of a firearm by someone convicted of a crime of violence—was found by the Pennsylvania Superior Court to have been waived. This is an independent and adequate state procedural ground (Pa. R.A.P. 2119(a)), which precludes the federal court from engaging in habeas review on that claim. *See Kirnon v. Klopotoski*, 620 F. Supp. 2d 674, 696 (E.D. Pa. 2008). Moreover, petitioner's objection does not set out why any exception to this rule of procedural default would apply here. The first objection is therefore overruled.

Second, petitioner argues that the R&R's treatment of his claims is "procedurally flawed" because it does not account for "claims of actual innocence." Pet'r's Objections 3. This objection is even more deficient than the first because none of petitioner's ten claims includes an assertion of actual innocence. That is, petitioner has submitted absolutely no facts to make a showing of "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial," let alone argued that he meets the standard that "in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt." *Schlup v. Delo*, 513 U.S. 298, 324, 329 (1995). Accordingly, petitioner's second objection is also overruled.

4.  The petition having failed to make a substantial showing of the denial of a constitutional right, there is no ground to issue a certificate of appealability.

5.  The clerk shall mark this case **CLOSED** for statistical purposes.

s/William H. Yohn Jr.
William H. Yohn Jr., Judge